UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETICIA ABUNDIS,<br>    Petitioner | : <br> : <br> : | |
| v. | : <br> : | Civil Action No.<br>3:03CV276(CFD) |
| KUMA DEBOO, IMMIGRATION AND<br>NATURALIZATION SERVICE,<br>    Respondents | : <br> : <br> : | |

**RULING ON HABEAS CORPUS PETITION**

The petitioner, Leticia Abundis, is currently confined at the York Correctional Institution in Niantic, Connecticut. She brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an order of removal. The petitioner claims that the Immigration Judge and the Board of Immigration Appeals erred in determining that she was removable and ineligible for section 212(c) relief under the Immigration and Nationality Act. The respondents have filed an opposition to the petition for habeas corpus, claiming that the petitioner is ineligible for discretionary relief under former section 212(c) because her conviction occurred nearly five years after section 212(c) had been repealed. For the reasons below, the petition for writ of habeas corpus is DENIED.

I.    Background

The petitioner, Leticia Abundis ("Abundis"), is a citizen and native of Mexico. She immigrated to the United States as a lawful permanent resident on or about September 12, 1985. However, sometime thereafter she departed the United States and attempted to re-enter on

September 30, 1999 from Mexico, carrying approximately 104 pounds of marijuana in her vehicle. On October 1, 1999, Abundis was paroled into the United States for criminal prosecution. On December 8, 2000, Abundis pled guilty and was convicted in the Western District of Texas for the offense of possession with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841. On April 11, 2001, she was sentenced to 37 months imprisonment and three years of supervised release.

The Immigration and Naturalization Service ("INS")[1] subsequently commenced removal proceedings, and on January 10, 2002, the INS served Abundis with a Notice to Appear charging her as an arriving alien subject to removal under sections 212(a)(2)(A)(i)(II) and 212(a)(2)(c) of the Immigration and Nationality Act ("INA").[2] On August 1, 2002, by oral decision, an Immigration Judge ("IJ") held that Abundis was ineligible for any relief under the immigration

---

[1] On March 1, 2003, the INS's enforcement functions were transferred from the Department of Justice into the Department of Homeland Security.

[2] Section 212(a)(2)(A)(i)(II) provides:
> Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).

Section 212(a)(2)(C) provides:
> Any alien who the consular officer or the Attorney General knows or has reason to believe (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . . is inadmissible.

8 U.S.C. § 1182(a)(2)(C).

laws and ordered her to be removed from the United States to Mexico. The IJ held that Abundis was subject to removal because she was convicted of an offense relating to a controlled substance and because she was an illicit drug trafficker in a controlled substance. The IJ held further that she was ineligible for withholding of removal because her drug trafficking conviction is an "aggravated felony" and a "particularly serious crime." In addition, the IJ held that there was no basis for a claim under the Convention Against Torture.

Abundis appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"), claiming that she should be eligible for relief under former section 212(c) of the INA.[3] On February 3, 2003, the BIA affirmed the IJ's ruling and dismissed Abundis's appeal. The BIA, relying on the United States Supreme Court ruling in INS v. St. Cyr that 212(c) relief remains available only for those aliens who would have been eligible for 212(c) relief at the time of their plea under the law then in effect, rejected petitioner's argument. The BIA held that Abundis was not eligible for 212(c) relief because her conviction occurred *after* April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4]

---

[3]Former section 212(c) of the INA stated: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." 8 U.S.C.A. § 1182(c) (1995) (repealed by section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IRRIRA"), see Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597 (Sept. 30, 1996)). The explicit language of this provision granted the Attorney General discretionary authority only to admit excludable aliens, but it was consistently interpreted by both the courts and the Board of Immigration Appeals to authorize the Attorney General to grant discretionary relief from deportation as well. See INS v. St. Cyr, 533 U.S. 289, 295-96 (2001).

[4]See Pub. L. No. 104-132, § 440(d), 110 Stat. 1214 (Apr. 24, 1996). AEDPA § 440(d) amended § 212(c) as follows:
>This subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or

Abundis filed the instant habeas corpus petition on February 13, 2003. She claims that the IJ and BIA erred in determining that she was removable and ineligible for former section 212(c) relief. She asserts that she is eligible for 212(c) relief based on family hardship. In addition, Abundis appears to raise an equal protection claim that deportable aliens are treated differently than United States citizens. The respondents argue that (1) Abundis is statutorily ineligible for 212(c) relief; and (2) deportable aliens are not "similarly situated" to United States citizens.

II.    Discussion

Prior to the enactment of AEDPA and IIRIRA in 1996, section 212(c) allowed lawful permanent resident aliens to apply for discretionary relief from deportation under certain circumstances.[5] On April 24, 1996, Congress amended section 212(c) to bar relief to any alien convicted of an aggravated felony.[6] After section 212(c) was narrowed by AEDPA, it was repealed altogether by section 304(b) of IIRIRA on September 30, 1996.

In INS v. St. Cyr, the United States Supreme Court held that aliens who pled guilty to deportable crimes prior to the date of enactment of AEDPA and IIRIRA remain eligible for

---

(D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i).
INA § 241, codified at 8 U.S.C. § 1251(a), was renumbered as INA § 237, codified at 8 U.S.C. § 1227. INA § 237(a)(2)(A)(iii) provides that "Any alien who is convicted of an aggravated felony at any time after admission is deportable." "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(B).

[5]See Footnote 3, infra.

[6]See Footnote 4, infra.

section 212(c) relief if they would have been eligible for section 212(c) relief at the time of their plea under the law then in effect. 533 U.S. at 324-26. Here, Abundis pled guilty to possession with intent to distribute a controlled substance (marijuana) on December 8, 2000. She pled guilty to an aggravated felony *after*, not prior to, the enactment of AEDPA and IIRIRA.[7] Thus, the BIA properly concluded that Abundis is statutorily ineligible for former section 212(c) relief.

As to the equal protection claim that aliens who are convicted of an aggravated felony are treated differently from United States citizens who are convicted of the same offense, petitioner's claim fails. In order to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, one must allege that he was treated differently from other similarly situated persons. City of Clayburne v. Clayburne Living Ctr., 473 U.S. 432, 439 (1985). "Noncitizen, deportable defendants are not similarly situated to defendants who are citizens of the United States." Gonzalez v. United States, 1998 WL 740833, *2 (D. Conn. 1998) (citing United States v. Young, 143 F.3d 740, 743 (2d Cir. 1998)). Thus, Abundis has failed to state an equal protection claim.

Accordingly, the Court cannot conclude that the decisions of the IJ and BIA were erroneous as a matter of law or that petitioner's arguments establish a basis for relief under 28 U.S.C. § 2241, and the petition must be denied.

III.   Conclusion

For the foregoing reasons, the petition for writ of habeas corpus [Doc. #2] is DENIED.

---

[7] Abundis does not challenge the IJ's determination that her conviction is an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B).

The Clerk is directed to close the case.

SO ORDERED this __4th___ day of February 2004, at Hartford, Connecticut.


      /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**