UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETICIA ABUNDIS, | : | |
| Petitioner, | : | CIVIL NO. 3:02CV784(CFD) |
| v. | : | |
| KUMA DEBOO, WARDEN and IMMIGRATION AND NATURALIZATION SERVICE, | : : | |
| Respondents. | : | MARCH 8, 2004 |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION

Respondents, Kuma Deboo and the Immigration and Naturalization Service (the "INS"),[1] through undersigned counsel, and pursuant to this Court's Order, hereby respond to Petitioner's Motion for Reconsideration. As explained below, the motion to reconsider the Court's ruling denying petitioner's habeas petition should be denied as it is without merit.

As the Court is aware, Petitioner Leticia Abundis is a Mexican citizen subject to a final order of removal based on her conviction on April 11, 2001, for a controlled substance and federal drug trafficking offense, also defined as an aggravated felony. See INA §§ 212(a)(2)(A)(i)(II) and 212(a)(2)(C), 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1182(a)(2)(C); INA § 101(a)(43)(B); 8 U.S.C. § 1101(a)(43)(B)(defining "aggravated felony" to include any "drug

---

[1] On March 1, 2003, the INS was abolished and its functions were transferred from the Department of Justice into three bureaus within the Department of Homeland Security ("DHS") pursuant to the Homeland Security Act of 2002. See Pub. L. No. 107-296, 116 Stat. 2135, 2178. The enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE"). Id.

trafficking crime" as defined in 18 U.S.C. § 924(c)(2)).  On February 4, 2004, this Court denied the habeas petition filed by Abundis, challenging her removal order.  See *Court's Ruling on Habeas Petition dated Feb. 4, 2004 (hereinafter "Ruling")*.  In its ruling, the Court correctly concluded that the Immigration Judge and Board of Immigration Appeals did not err in finding Abundis ineligible for discretionary relief from removal under former INA § 212(c), 8 U.S.C. 1182(c) (repealed 1996), because she pleaded guilty to an aggravated felony years after amendments restricting and then repealing such relief.  See *Ruling* at 4-5; AEDPA, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214 (Apr. 24, 1996); IIRIRA, Pub. Law. No. 104-208, § 304(b), 110 Stat. 3009-546 (Sept. 30, 1996).  The Court additionally properly rejected petitioner's equal protection challenge, finding that as an alien, Abundis is not similarly situated to United States citizens, who are not subject to removal from the United States.  See *Ruling* at 5.

 Petitioner now requests that the Court reconsider its decision.  Petitioner now claims that she may be eligible for cancellation of removal under a special rule for battered spouses based on alleged past abuse by her former spouse, who she claims is a U.S. citizen with family in Mexico.  She allegedly fears returning to Mexico due to this alleged past abuse.  In addition, Petitioner requests that the Court order that she be released from detention, on bond, while she pursues administrative remedies, presumably related to this claim.  Her request should be flatly denied.  First, because Petitioner has been convicted of an aggravated felony, she is not eligible for cancellation of removal, even under the special rule for battered spouses.  See INA § 240A(b)(2)(A)(iv); 8 U.S.C. § 1229b(b)(2)(A)(iv) (to qualify for cancellation of removal under battered spouse rule, alien must demonstrate she is not inadmissible under 8 U.S.C. § 1182(a)(2) (INA § 212(a)(2)) and she "has not been convicted of an aggravated felony.").  Nor should the

Court order Petitioner released on bond while she attempts to pursue this claim administratively. As an initial matter, Petitioner waived her right to pursue this claim by failing to raise it during her administrative removal proceedings. See 8 U.S.C. § 1252(d)(1); Theodoropoulos v. INS, - - F.3d - - , 2004 WL 49118 (2d Cir. Jan. 12, 2004) (exhaustion of administrative remedies as to every claim raised in a habeas petition is statutorily mandated by 8 U.S.C. § 1252(d)); United States v. Gonzalez-Roque, 301 F.3d 39, 49 (2d Cir. 2002) (petitioner forfeited his due process claim by failing to raise it before the BIA). Moreover, since Petitioner is an arriving alien physically present in the United States only because she was paroled in by the INS for purposes of prosecution, she has no right to be released into the United States pending her pursuit of additional administrative relief or her removal. See Hong v. United States, 244 F. Supp.2d 627, 635 (E.D. Va. 2003) (holding that continued detention of inadmissible alien pending removal not unconstitutional; petitioner's "liberty interest as an inadmissible alien is insufficient to trigger a Fifth Amendment Due Process right to individualized bond hearing."); Napoles v. INS, 278 F. Supp. 2d 272, 276-77 (D. Conn. 2003) (Dorsey, J.) (holding that continued detention of petitioner, who was physically present in the United States only because he was paroled in by INS, was constitutional so long as petitioner is afforded periodic parole reviews) (citing and quoting Guzman v. Tippy, 130 F.3d 64, 65-66 (2d Cir. 1997)(holding that the "Attorney General has the authority to indefinitely detain excludable aliens").[2]

---

[2] At the vert least, Petitioner, as an alien subject to removal based on an aggravated felony conviction, is subject to mandatory detention pending administrative removal proceedings, and post-removal order, for a period reasonably necessary to bring about her removal from the United States. See INA § 236(c), 8 U.S.C. § 1226(c); INA § 241(a), 8 U.S.C. § 1231(a); see also Zadvydas v. Davis, 533 U.S. 678, 700-01 (2001)(holding that INA § 241(a) authorizes immigration detention after entry of an administratively final order of removal for a

For the foregoing reasons, Respondents respectfully request that the Court deny Petitioner's motion for reconsideration in its entirety.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CT  06103
(860) 947-1101
FEDERAL BAR NO. ct23164

---

period reasonably necessary to remove the alien from the United States and recognizing six months as a presumptively reasonable period of time).

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the within and foregoing has been sent by first-class mail, postage prepaid, on this 8th day of March, 2004, to:

Leticia Abundis
#312107
York Correctional Institution
201 West Main Street
Niantic, CT 06357

 

_____
LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY