UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG -6  P 5: 42

U.S. DISTRICT COURT
HARTFORD, CT.

LETICIA ABUNDIS,
    Petitioner

v.

KUMA DEBOO, IMMIGRATION AND
NATURALIZATION SERVICE,
    Respondents

Civil Action No.
3:03 CV 276(CFD)

## RULING ON MOTION FOR RECONSIDERATION

Pending is petitioner Abundis's motion for reconsideration [Doc. #13] of the Court's February 4, 2004 ruling denying Abundis's petition for a writ of habeas corpus. For the following reasons, Abundis's motion for reconsideration is granted, but the relief requested is denied.[1]

### I.    Standard for Reconsideration

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" LoSacco v.

---

[1] Petitioner was removed from the United States to Mexico on or about June 29, 2004. However, petitioner's removal does not render her motion for reconsideration moot. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004); Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

1